IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE LEE HUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 13-00412-CG-N |
| ) | |
| COMFORT SYSTEMS (USA) ) | |
| SOUTHEAST, INC., et al., ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

This action is before the Court on a motion (doc. 6) filed by Comfort Systems (USA) Southeast, Inc. ("Comfort Systems"), a defendant herein, to sever and remand to the Circuit Court of Mobile County, Alabama, Count I of plaintiff's Complaint (doc. 1-2), and on a *sua sponte* review of the Court's subject matter jurisdiction.[1] These matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Standing Order 6 of this Court. Upon consideration of all pertinent portions of the record, it is recommended that this entire action be **REMANDED** for lack of jurisdiction.

---

[1] *See* Alabama Power Co. v. U.S. Dept. of Energy, 307 F.3d 1300, 1308 (11th Cir. 2002) (the court has an independent duty to examine its own jurisdiction); Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) ("federal courts 'are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.'") (*quoting* Galindo-Del Valle v. Attorney General, 213 F. 3d 594, 599 (11th Cir. 2000); *accord* University of South Alabama v. American Tobacco Co., 168 F.3d 409, 411 (11th Cir. 1999) (Federal courts are courts of limited jurisdiction and must examine their subject matter jurisdiction even where there is no challenge to jurisdiction).

I.  Background.

This action was removed from the Circuit Court of Mobile County, Alabama, by Defendant Yates Construction Co., Inc. on August 9, 2013 (doc. 1). Removal was "pursuant to 28 U.S.C. §1332, et. seq. [and] based on complete diversity of citizenship between Plaintiff, who is a resident citizen of the State of Alabama, Defendant "Yates," who as named in this matter is a corporate resident of the State of Alabama but who has been incorrectly, improperly and/or fraudulently included in this matter and Defendant Comfort Systems, a corporate resident of the State of Florida." (Doc. 1 at ¶ 8)[2]. Yates acknowledged that it is a "resident of the State of Alabama" and is not diverse from the plaintiff, "who is a resident citizen of the State of Alabama." (*Id*.) Yates has also acknowledged that the only other named and served defendant in this action is Comfort Systems "a corporation organized and existing in the State of Florida," which "has not joined in this removal." (*Id.* at ¶¶ 3, 4).[3]

On August 16, 2013, Comfort Systems filed its motion to sever and remand Count I of plaintiff's complaint (doc. 6). The motion is predicated on the well established prohibition against removal to federal court of claims arising under workers'

---

[2] Yates' improper or fraudulent joinder argument is predicated on the contention that "it was completely **uninvolved** in the subject project in which Plaintiff was allegedly injured." (Doc. 1 at ¶ 9, emphasis in original).

[3] Yates argues that Comfort Systems' joinder was "not necessary because Plaintiff's claims against the two Defendants are "*separate and independent*" . . . where Plaintiff has asserted a negligence claim against Defendant 'Yates' and a "*separate and independent*" workers' compensation claim against Defendant Comfort Systems." (Doc. 1 at ¶¶3, 6, emphasis in original).

compensation laws.[4]  The Court entered an order (doc. 9) on August 19, 2013, for the plaintiff to show cause why Comfort Systems' motion ought not to be granted.  Plaintiff has not filed a written response.  Instead, W.G. Yates & Sons Construction Co. ("W.G. Yates") filed a response on August 20, 2013, in which it claimed to be erroneously named in the Complaint as Yates Construction Co., Inc. ("Yates"), and agreed that Count I should be severed and remanded (doc. 10 at ¶ 4).   Despite its appearance in this manner, W.G. Yates is not named as a party and has not, in any event, divulged its citizenship in any filing in this case.[5]  Consequently, the Court entered an order (doc. 12) on August 21, 2013, regarding the issue of its subject matter jurisdiction, specifically questioning the existence of diversity jurisdiction in this case.

On August 26, 2013, Defendant Yates filed notice of the parties' consent to remand (doc. 13) and therein clarified that the proper defendant, W.G. Yates, is a Mississippi company that has not been added or substituted as a party defendant, and did not remove the action to this Court.  Yates, the non-diverse defendant, was the entity that removed the case.

II.    Analysis.

---

[4] *See* 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."); Wilson v. Dominion Management, LLC., 2010 WL 1542501, *3 (S.D. Ala. Mar. 29, 2010)("§ 1445(c) prohibits removal of state worker's compensation claims, including those for retaliatory discharge and, consequently, this Court must sever and remand plaintiff's workers' compensation retaliatory discharge claim as set forth in Count One of his Complaint.").

[5] An affidavit (doc. 1-1) filed by Jason Wold as an attachment to the Notice of Removal (doc. 1) states only that he is an employee of W.G. Yates, is a resident citizen of Harrison County, Mississippi, and that "W.G. Yates . . . was one of several prime contractors on the Gulfquest project" and Yates "had absolutely no involvement in the Gulfquest project" (doc. 1-1 at ¶¶ 1, 2, 4, 6).  There is no mention of the citizenship or state of incorporation of W.G. Yates.

Diversity jurisdiction pursuant to 28 U.S.C. § 1332 "requires complete diversity; *every plaintiff* must be diverse from *every defendant*. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998), *quoting* Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1355 (11th Cir. 1996)(emphasis added). However, the only diverse parties named in this case are the plaintiff and Co-Defendant Comfort. It is Yates, the non-diverse defendant, who removed this action alleging that "there is no reasonable possibility that the Plaintiff will be able to establish a valid cause of action against Defendant 'Yates'." (Doc. 1 at ¶ 12). The diverse defendant, Comfort Systems, did not join in the removal because the workers' compensation claim asserted by the plaintiff against Comfort Systems is non-removable pursuant to 28 U.S.C. § 1445(c)("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.").

Although the plaintiff and the non-diverse defendant, Yates, now agree that W.G. Yates should be "joined and Yates [] dismissed as a defendant" (doc. 13 at ¶ 9), this Court was never vested with diversity jurisdiction upon removal and is, therefore, without authority to effectuate any substitution of parties, even if they are diverse. The law on this issue was recently summarized by this Court as follows:

> Section 1441(a) "require[s] that the case be fit for federal adjudication *at the time the removal petition is filed*...." Caterpillar, Inc. v. Lewis, 519 U.S. 61, 73 (1996); *accord* Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 772 (11th Cir. 2010) ("[T]he jurisdictional determination ... is based only on the facts as they exist *at the time of removal*."); [Adventure Outdoors, Inc. v.] Bloomberg, 552 F.3d [1290,] 1294–95 [(11th Cir. 2008)] ("The existence of federal jurisdiction is tested *at the time of removal*."); Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) ("[W]e note that for purposes of this challenge to the subject matter jurisdiction of the district court, the critical time is the date of removal...."); Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1306 n. 1 (11th Cir.

> 2001) ("[T]he question of diversity subject matter jurisdiction is determined on the plaintiff's pleadings *at the time of removal*."); Burns v. Windsor Insurance Co., 31 F.3d 1092, 1097 n. 13 (11th Cir. 1994) ( "Jurisdictional facts are assessed on the basis of the plaintiff's complaint *as of the time of removal*.") (emphasis in original).

Heard v. American Alternative Ins. Corp., 2013 WL 593687, at *1 (S.D. Ala. Feb. 15, 2013). *See also* Augustine v. Alliance Ins. Agency Services, Inc., 2007 WL 38320, *2 n.1 (E.D. La. January 03, 2007)("[T]his Court lacks subject matter jurisdiction to entertain any relief requested by a party whose presence in the action defeats diversity jurisdiction in a case where this Court's jurisdiction rests solely on 28 U.S.C. § 1332."); Jewell v. Dudley L. Moore Insurance, Inc., 872 F.Supp. 1517, 1520 (M.D.La.1995) ("Chief Judge Parker determined that any action taken by the court on a motion by a non-diverse party in a diversity case would be an action taken without subject matter jurisdiction, reasoning that: 'If the non-diverse party has not been fraudulently joined, the court must remand the case. If the non-diverse party has been fraudulently joined, the proper procedure is to simply ignore his presence; he is no longer considered a party defendant'."); Baker v. Tri-Nations Express, Inc., 531 F.Supp.2d 1307, 1311 (M.D. Ala. 2008)("Removal is proper pursuant to Title 28, section 1441 of the United States Code if a federal court would have had original diversity or federal question jurisdiction over the initial action.). At the time of removal and to this date, W.G. Yates is not a party to this action and complete diversity did not exist.

This action, in its entirety, must be remanded because it was improvidently removed by Yates Construction Co., Inc., a non-diverse resident defendant and, consequently, this Court lacks subject matter jurisdiction. "Counsel for the Plaintiff and

Counsel for Comfort Systems are in agreement with the remand of this action to the Circuit Court of Mobile, Alabama." (Doc. 13 at ¶ 10).

## CONCLUSION

For the reasons set forth above, it is the recommendation of the undersigned that Comfort Systems' motion (doc. 6) be **DENIED** but that this action be **REMANDED**, in its entirety, to the Circuit Court of Mobile County, Alabama, for lack of subject matter jurisdiction.

## **Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific. The Rules further oprovide that "[a] party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b).

**DONE** this  30th  day of August, 2013.

/s/Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

6